# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Azar Family Holdings, LLC, et al            Civil action no. 10-01145

versus            Judge Tucker L. Melançon

DIRECTV, Inc.            Magistrate Judge Patrick J. Hanna

## MEMORANDUM RULING

Before the Court is defendant, DIRECTV's, Motion to Dismiss Or Transfer Under Federal Rule Of Civil Procedure 12(b)(3) And 28 U.S.C. § 1406, Or, In The Alternative, To Transfer Under 28 U.S.C. § 1404 [Rec. Doc. 4], a Memorandum in Opposition filed by plaintiffs, Azar Family Holdings, LLC and Wilderness Communications, LLC's ("Azar")[Rec. Doc. 7] and DIRECTV's Reply thereto [Rec. Doc. 12]. For the reasons that follow, DIRECTV's Motion will be denied in part and granted in part.

## I. FACTUAL BACKGROUND

On April 19, 2006, Azar and DIRECTV entered into a Retransmission Consent Agreement ("the Agreement"), whereby Azar granted DIRECTV the right to retransmit KLWB, a local Lafayette television station then owned by Azar.[1] *R. 4, Exh. 1, Agreement.* The Agreement states in pertinent part:

> 7. <u>NETWORK AFFILIATION AND PROGRAMMING RIGHTS</u>.
> The parties acknowledge that the Stations' affiliations as identified on Exhibit A are the essence of this Agreement. Accordingly, DIRECTV may, in its sole discretion, cease distribution of a Station and/or terminate this Agreement at any time during the Term if the Station is no longer a primary affiliate

---

[1] The Agreement was later assigned to Wilderness Communications, LLC. *R. 4.*

> ("Affiliated") of a Network of the said network or if any other station affiliated with the same network is located in the same Local Territory. If at any point during the Term, the retransmission rights set forth in this Agreement are for any reason lost, rescinded, invalidated or impaired, then DIRECTV shall have the option, exercisable in its sole discretion, to immediately cease distribution such Station.
> Ex. 1, § 17.

Hence, under the Agreement, DIRECTV has no obligation to carry KLWB if KLWB had no affiliation with a "Network." *Id. at § 7.* On May 12, 2010, after discovering that KLWB was set to lose its affiliation with the CW, a "Network" under the Agreement, DIRECTV informed Azar that it intended to cease carriage of KLWB in accordance with the terms of the Agreement. *R. 1-2, Petition, ¶ 7.* On June 7, 2010, Azar filed a Petition in the Fifteenth Judicial District Court in Lafayette, Parish of Lafayette, Louisiana. *Id.* Plaintiffs allege in their Petition that DIRECTV should be ordered to carry KLWB because: (1) they are entitled to rescind the Agreement on the grounds of mistake and failure of consideration, since they received nothing in return for entering into the Agreement, *Id. ¶¶ 8, 17*; (2) the Agreement should be reformed to eliminate DIRECTV's discretion regarding carriage of a non-Network affiliated station under Section 7, and to require DIRECTV to carry KLWB for the remainder of the term under federal "must carry" regulations, *Id. at ¶ 8*; (3) the one-sidedness of the terms and provisions of the Agreement, specifically Sections 2, 3(a), 4(a), 7, and 8, renders the Agreement unconscionable, *Id. at ¶¶ 14A-D*; and, (4) DIRECTV "failed to perform the Agreement in good faith and in accordance with fair dealing" by "seek[ing] to use the change of network affiliation as an excuse to terminate carriage of KLWB . . . ." *Id. at ¶ 16.*

2

DIRECTV removed plaintiffs' state action to this Court on July 15, *R. 1*. Thereafter, DIRECTV filed the motion at bar, moving the Court to transfer this matter to the United States District Court, Central District of California, pursuant to the Agreement's mandatory forum selection clause, Section 17, which provides in pertinent part:

> 17. <u>GOVERNING LAW</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of California applicable to contracts made and fully performed therein, except to the extent that the parties' respective rights and obligations are subject to mandatory local, State and Federal laws or regulations. Any dispute that may later arise with respect to any term or provision of this Agreement shall be resolved in the appropriate court located in Los Angeles, California, it being the clear intent of the parties hereto to consent to such jurisdiction and venue. . . .
> Ex. 1, § 17.

Plaintiffs oppose DIRECTV's motion contending that Section 17 of the Agreement does not encompass this action because it is "not a dispute with respect to a 'term or provision' of the Agreement. This suit seeks rescission or reformation of the Agreement, and damages – and the quoted provision of Section 17 is thus by its own terms not applicable to this action."

## II. DISCUSSION

DIRECTV moves the Court to transfer this action to the United States District Court fo the Central District of California pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406. Alternatively, DIRECTV moves for transfer under 28 U.S.C. § 1404(a). "In *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir.), the Fifth Circuit determined that a Rule 12(b)(3) motion is the proper procedural vehicle to request dismissal based on a forum selection clause. Significantly, however, the forum selection clause in *Lim* designated a

forum in a foreign country, and the Fifth Circuit has not considered whether dismissal for improper venue is proper where the designated venue is another federal court, rather than a state court or foreign jurisdiction. *See Southeastern Consulting Group, Inc. v. Maximus, Inc.*, 387 F.Supp.2d 681, 683 (S.D.Miss.2005) (noting that the Fifth Circuit has not addressed whether dismissal for improper venue pursuant to Rule 12(b)(3) is appropriate where another federal court is an agreed venue under an enforceable forum selection clause). However, the majority of courts which have considered the issue have held that when a federal court is the agreed forum under an enforceable forum selection clause the proper way to enforce such a clause is through a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), and not a motion to dismiss for improper venue pursuant to Rule 12(b)(3) and § 1406(a)." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 2007 WL 3256210, 4 (W.D.Tex., 2007) (internal citations omitted); *see also, Pinnacle Interior Elements, Ltd. v. Panalpina, Inc.*, 2010 W L 445927, 6 -7 (N.D.Tex.,2010)*; Wal-Mart Stores, Inc. v. Qore, Inc.*, 2007 WL 2769835 at * 2 (N.D.Miss. Sept. 20, 2007); *Canvas Records, Inc. v. Koch Entertainment Distribution, LLC*, 2007 WL 1239243 at * 5 (S.D. Tex. April 27, 2007); *Gutermuth Investments, Inc. v. Coolbrands Smoothies*, 2006 WL 2933886 at * 3 (W.D.Tex. Oct. 11, 2006); *Youngblood v. JTH Tax Services, Inc.*, 2006 WL 1984656, at * 3 (W.D.Tex. July 17, 2006); *Southeastern Consulting Group, Inc. v. Maximus, Inc.*, 387 F.Supp.2d 681, 683 (S.D.Miss.2005)(concluding that "[i]t can reasonably be inferred from" footnote 8 in *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 29 n. 8 (1988) "that when a court has

power to transfer a case to another federal court, a motion to dismiss for *improper venue* is not appropriate if venue is statutorily proper" (emphasis in original))[2]; *Dorsey v. Northern Life Ins. Co.*, 2004 WL 2496214, at *9 (E.D.La. Nov. 5, 2004)*; Speed v. Omega Protein, Inc.*, 246 F.Supp.2d 668, 671 (S.D.Tex.2003). In light of the foregoing, the Court will deny DIRECTV's motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) and motion to transfer under 28 U.S.C. § 1406, and will address DIRECTV's alternative motion to transfer under 28 U.S.C. 1404(a).

### *1. Enforceability of the Forum Selection Clause*

Before the court can apply the section 1404(a) analysis, it must first determine the enforceability of the Agreement's forum selection clause. The enforceability of a forum selection clause is a question of law, and such clauses are presumptively valid. *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir.1997). Mandatory forum selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear. *City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504

---

[2] "The decision of the Supreme Court of the United States in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) provides the Court with initial direction. Based on a forum selection clause that provided for venue in an alternative federal court, the defendant in *Stewart* made a motion to transfer venue pursuant to § 1404 or alternatively, to dismiss under § 1406. *Id.* at 28. The Supreme Court in *Stewart* remanded the case to the district court, directing the district court to balance the factors under § 1404 in deciding whether to transfer the case. *Id.* at 32. Although the *Stewart* Court did not expressly hold that a motion to transfer under § 1404 was preferred over a motion to dismiss, the Court in a footnote states, "[t]he parties do not dispute that the District Court properly denied the motion to dismiss the case for improper venue under 28 U.S.C. § 1406(a) because the respondent apparently does business in the Northern District of Alabama." *Id.* at 29 n. 8 (citing 28 U.S.C. § 1391). It can reasonably be inferred from this proclamation that when a court has power to transfer a case to another federal court, a motion to dismiss for improper venue is not appropriate if venue is statutorily proper." *Id.*

(5th Cir.2004) ("For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."). The party resisting the forum selection clause must show that the clause is "unreasonable" before a court may decline to enforce the clause. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir.1998). "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. The party resisting enforcement on these grounds bears a 'heavy burden of proof.' " *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir.1997) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 17, 18 (1972)).

Plaintiffs argue that The language in the forum selection clause expressly limits any action such as the one at bar to the laws of California and to court located in Los Angeles, California.[3]  As the forum selection clause clearly demonstrates the parties' intent to made California the exclusive jurisdiction, the Clause is therefore mandatory.  Having decided the

---

[3]  Plaintiffs do not dispute that jurisdiction is proper in the United States District Court, Central District of California, DIRECTV's home district, under 28 U.S.C. § 1391(a)(b) ("a judicial district where any defendant resides, if all defendants reside in the same State").

forum selection clause is mandatory, the Court must analyze whether the clause meets the test for reasonableness. Azar contends they were "induced into negotiations by DIRECTV's misrepresentations," and therefore "[p]laintiffs' consent to the contract [Agreement] was vitiated by fraud, misrepresentation, error, mistake, duress or undue influence." *R. 7*. Azar cites the August 3, 2010 Affidavit of Eddie Blanchard in support of its contention that "[n]o negotiation over the making of a forum selection clause took place between DIRECTV and the plaintiffs." *Id.* Blanchard's Affidavit states he represented Azar in dealing with the Agreement and "there were no negotiations between DIRECTV AND Azar with regard to the form of the contract, and specifically, there were no negotiations with regard to Section 17 of the Agreement." *Id., Exh. 3, Aff. Of Blanchard.*

Paragraph 18 of the Petition sets forth plaintiffs' allegations related to the forum selection clause, Section 17 of the Agreement. *Id. at ¶ 18.* Plaintiffs' allegations do not state that they entered into the forum selection clause as a result of fraud and duress. *R. 1, Plaintiffs' Petition, ¶ 18*. Rather, throughout the Petition, plaintiffs allege fraud and duress as to their election of the "retransmission consent" and as to the Agreement as a whole.[4] *Id. at ¶¶ 1-17.* "[A]llegations of such conduct as to the contract as a whole -- or portions of it other than the [forum selection/choice-of-law] clause -- are insufficient; the claims of fraud or overreaching must be aimed straight at the [forum selection/choice-of-law] clause in order to succeed. *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir.,1998) (quoting

---

[4] Plaintiffs allege that the forum selection clause is not applicable because "[t]his suit is not a dispute with respect to a 'term or provision' of the Agreement." *See infra.*

*Haynsworth v. The Corporation*, 121 F.3d 956, 964 (5th Cir., 1997)). As to plaintiffs' contentions that the forum selection clause was unreasonable, the record provides that Azar agreed to the forum selection clause and has not shown any fraud, overreaching, unreasonableness, or indications of unequal bargaining power.[5] While Azar contends that the affidavit of its representative, Blanchard, states that there were no negotiations held as to the Agreement or the forum selection clause, plaintiffs' Petition indicates that Blanchard had "conversations with DIRECTV leading to the Agreement" and the memorandum in opposition makes numerous references to "negotiations" between Azar and DIRECTV. *R. 1-A, Petition, ¶ 11, R. 7.*

As Azar has failed to provide any evidence or testimony of its allegations that: (1) the forum selection clause results from fraud or overreaching; (2) enforcement of the clause deprives Azar of its day in court, albeit in California; (3) California law is fundamentally unfair; or (4) enforcement of the forum selection clause violates public policy, DIRECTV's choice of forum should be honored.

Because the Agreement's forum selection clause is enforceable and this action should be transferred to the federal court in Los Angeles, California, the private and public interest factors that pertain to convenience and govern a transfer under section 1404(a) do not come

---

[5] Plaintiffs also contend that the forum selection clause is not applicable because "[t]his suit is not a dispute with respect to a 'term or provision' of the Agreement." Based on the allegations in the Petition, paragraphs 1 through 17, the Court finds that this is a dispute as the provisions of the Agreement. *R. 1, Exh. A, Petition, ¶¶ 1-17.* In particular, under paragraph 8 of the Petition, plaintiffs allege that the Agreement should be reformed based on section 7, which allows DIRECTV to cease carriage of stations like KLWA once they lose their Network affiliation. *Id. at ¶ 8.*

into play. *See, TIB-The Independent Bankersbank v. American Gateway Bank*, 2010 WL 3260178, 3-4 (N.D.Tex.,2010). However, even assuming *arguendo* that 1404(a) does apply, the Court finds that a transfer is warranted under 1404(a) and jurisprudence interpreting the statute.

### *2. Transfer Pursuant to 28 U.S.C. § 1404(a)*

Under 28 U.S.C.§ 1404(a), "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This language is permissive, as opposed to mandatory, and, accordingly, a transfer pursuant to this section is within a court's sound discretion. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir.2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir.1986)). The private concerns to be considered include: (1) the "relative ease of access to sources of proof"; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the "administrative difficulties flowing from court congestion"; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; (4)

the avoidance of unnecessary problems of conflict of laws of the application of foreign law; and (5) any unfairness to jurors in burdening them with jury duty in an unrelated forum. *Id*. (citations omitted).

Although a court must consider the above factors to determine whether transfer is appropriate, an enforceable forum selection clause "is a significant factor that [should figure] centrally in the district court's *§ 1404(a)* calculus. *Shaw Group, Inc. v. Natkin & Co.,* 907 F.Supp. 201, 204 (M.D.La.,1995) (citing *Stewart*, 487 U.S. at 29). "[W]here the parties have entered into a contract which contains such a clause, the burden of persuasion to establish that the suggested forum is more convenient shifts to the non-movant since the moving party is not trying to limit the plaintiff's right to choose a forum, but is merely attempting to enforce the forum choice the plaintiff has already made." *Shaw Group* at 205 (citing *In re Ricoh Corp*., 870 F.2d 570, 573 (11th Cir.1989)). "[W]hile other factors might 'conceivably' militate against a transfer, the clear import of the Court's opinion [in *Stewart* ] is that the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *Shaw Group* at 205 (citing *Ricoh,* 870 F.2d at 573; and *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring) ("[A] valid forum selection clause [should be] given controlling weight in all but the most exceptional cases.").

Plaintiffs' sole contention as to inconvenience under § 1404 is that "litigation costs are notoriously much higher in California than in Lafayette." *R. 7*. That factor alone, however, is not enough to invalidate the forum selection clause. *Dorsey v. Northern Life Ins.*

*Co.,* 2004 WL 2496214, 7 (E.D.La.,2004) (J. Africk). Plaintiffs have failed to meet their burden of persuasion to establish that the 1404(a) factors outweigh the California venue mandated by the forum selection clause. Nor can plaintiffs show that "exceptional circumstances" warrant overriding the parties' choice of California venue in this case. Moreover, the interests of justice are furthered by enforcement of the parties' contractual agreement. *See Stewart* at 33 (Kennedy, J., concurring) ("[E]nforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.").

### III. CONCLUSION

For the foregoing reasons, the mandatory forum selection clause in the Agreement at issue is dispositive and this action will be transferred to the United States District Court for the Central District of California.